IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA STEVEN FARNER,           )
#B84713,                        )
                                )
                    Plaintiff,  )
                                )
vs.                             )    Case No. 11-cv-0664-MJR
                                )
BENNIE VICK, and                )
GARY TYNER,                     )
                                )
                    Defendants. )

ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

## A.    Introduction

While detained at Williamson County Jail in Marion, Illinois (within this Judicial District), Joshua Steven Farner filed an lawsuit in the U.S. District Court for the Northern District of Illinois, pursuant to 42 U.S.C. § 1983.  The Honorable Robert M. Dow, Jr. transferred the case to this District Court via Order concluding that:  "The events giving rise to Plaintiff's claims all took place at the Williamson County Jail, where Plaintiff is now confined," so venue did not lie in the Northern District of Illinois (Doc. 5, p. 1).  Farner was granted pauper status here on May 3, 2012 (Doc. 23).

This case comes now before the Court for threshold review pursuant to 28 U.S.C. 1915A, which provides that the district court must promptly review complaints in which a prisoner seeks redress from a governmental entity or employee, must identify cognizable claims in the complaint, and must dismiss any complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

On review under § 1915A, as with dismissal motions under Federal Rule of Civil Procedure 12(b)(6), the district court's task is to determine whether the complaint states a claim to relief that is plausible on its face.  *Khorrami v. Rolince*, **539 F.3d 782, 788 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly**, **550 U.S. 544 (2007).**   In making this determination, the Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in his favor.  *Hecker v. Deere & Co.*, **556 F.3d 575, 580 (7th Cir. 2009), cert.**

1

*denied,* **130 S. Ct. 1141 (2010).**   This Court also bears in mind that pro se complaints must be liberally interpreted, and held to a "less stringent standard than formal pleadings drafted by lawyers." ***Maddox v. Love,* 655 F.3d 709, 718 (7ᵗʰ Cir. 2011).**

So construing Farner's complaint, as described below, the Court concludes that the complaint articulates colorable claims under Section 1983, but not against any of the named Defendants. In keeping with its 1915A obligations, the Court will identify the cognizable claims and (pursuant to Seventh Circuit law) allow Plaintiff a chance to amend his complaint (to connect those claims to a proper defendant, if possible).

### B.   Analysis

First, although the caption of the form complaint identifies the lone Defendant as "Williamson County Jail," the body of the complaint makes clear that Farner sues two Defendants:   (1) Bennie Vick, the Sheriff of Williamson County; and (2) Gary Tyner, the Captain of the Williamson County Jail.   Accordingly, the Clerk's Office **shall adjust the docket sheet to omit Williamson County Jail as a Defendant**.[1]

Farner's allegations can be organized into two separate claims for deliberate indifference to serious medical needs, in violation of the Fourteenth Amendment.   The Court finds it convenient to refer to this as Count 1 and Count 2.

<u>Count 1</u> focuses on Farner's alleged lack of medical treatment *upon arrival* at Williamson County Jail.   Again, accepting as true the well-pled facts in the complaint and construing reasonable inferences therefrom in Farner's favor, Count 1 alleges the following.   Farner was arrested in Cook County, Illinois where (following an assault while in pretrial detention at the Cook County Jail) he received medical attention for two cracked ribs, damage to his teeth and "busted" lips.   He was prescribed antibiotics and non-narcotic muscle relaxers for his injuries.   After being transferred to Williamson County Jail, Farner provided jail staff with his instructions which, inter alia, called for follow-up with a dentist (for his teeth) and with a doctor (for his cracked ribs). Williamson County Jail staff ignored these orders, ignored his repeated requests to see a nurse, and gave Farner the run-around when he attempted to file grievances to obtain medical attention.   He never received follow-up treatment for these injuries.

<u>Count 2</u> focuses on Farner's alleged lack of medical treatment following a May 2011 confrontation with another inmate (Clint Miller).   Construing the complaint as outlined above, Count 2 alleges the following.   After Farner was injured in a fight with a fellow inmate, a correctional official (Tom Gottschalk) cleaned Farner's wound the best

---

[1]      Here, it is plain that Farner did not *mean* to sue the Williamson County Jail.   Even if Farner had intended to name the jail as a separate Defendant, the jail is a non-suable entity for purposes of Section 1983.   *See, e.g., Smith v. Knox County Jail,* **666 F.3d 1037, 1040 (7ᵗʰ Cir. 2012).**

he could and advised Sergeant Frank Jeters that Farner needed "outside medical attention." Jeters called the jail nurse, told the nurse that two inmates had been injured in an altercation and instructed that one of them (Farner) needed immediate medical attention. Farner did not receive immediate attention. When the jail nurse finally saw Farner mid-afternoon the next day, she stated that he would need staples to close his head wound.

Farner was transported to Heartland Regional Hospital (nearby), where the jail nurse tried to prevent Farner from getting a C.T. scan and succeeded in preventing him from getting an x-ray. The jail nurse communicated with medical personnel at the hospital, and that communication resulted in Farner getting 8 staples without any pain medication or anesthesia. When he returned to Williamson County Jail, Farner was forced to wait five days for his antibiotics, and even then he did not get them administered in the frequency or on the timetable prescribed by the doctor. The jail nurse's delay in treating Farner caused him to suffer excruciating pain longer than necessary and left him with a permanent scar (that could have been avoided if he had been treated more quickly) as well as dizzy spells and extreme confusion. Other than removing Farner's staples, the jail nurse refused Farner's other requests for an appointment to address his ongoing issues. Farner asks for compensation for the suffering he "endured because of the neglect of the nursing staff at the Williamson County Jail" (Doc. 1, p. 7).

As to claims for deliberate indifference to medical needs, the same general standard applies to the claims of pretrial detainees (such as Farner) and incarcerated individuals, but pretrial detainees' claims are analyzed under the Fourteenth Amendment to the United States Constitution, rather than the Eighth Amendment. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012). *Accord Smith v. Knox County Jail*, 666 F.3d 1037, 1038 (7th Cir. 2012)("… Due Process Clause of the Fourteenth Amendment … affords pretrial detainees the same protection against deliberate indifference as the Eighth Amendment guarantees to the convicted."). Prolonged, unnecessary pain can itself furnish the foundation for a deliberate indifference claim, as can delayed treatment which exacerbates injuries; and even a short delay may suffice if a condition is severely painful and readily treatable. *Smith*, 666 F.3d at 1040; *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007)(plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim). Discovery may reveal that the delay in treating Farner's cracked ribs (upon arrival) and head wound (following the fight with the fellow detainee) was not long enough to support a deliberate indifference claim, or that jail personnel did all that was required to treat him. But the allegations would suffice to survive threshold review, if they were directed to a proper defendant.

The problem here is that Farner has alleged no personal involvement whatsoever by the two Defendants he named – Sheriff Vick and Captain Tyner.  Section 1983 creates a cause of action based on personal liability and predicated upon fault.  Liability does not lie unless the particular individual defendant caused or participated in the constitutional deprivation.  *See Kuhn v. Goodlow,* **678 F.3d 552, 555-56 (7th Cir. 2012).** "Section 1983 creates liability only for a defendant's personal acts or decision," *Vinning-El v. Evans,* **657 F.3d 591, 592 (7th Cir. 2012).**  It "does not establish a system of various liability," *Burks v. Raemisch,* **555 F.3d 592, 593-94 (7th Cir. 2009),** and it "has long been established that there is no respondeat superior liability under section 1983," *Rodrigeuz v. Plymouth Ambulance Service,* **577 F.3d 816, 822 (7th Cir. 2009).**  *See also Matthews v. City of East St. Louis,* **674 F.3d 703, 708 (7th Cir. 2012).**

Simply put, on the complaint before the Court, Farner cannot hold Sheriff Vick or Captain Tyner responsible under § 1983 for constitutional violations allegedly caused by the jail nurse.  The complaint contains no allegations to support liability against Vick and Tyner, and it does not name the jail nurse as a Defendant (or even identify the jail nurse by name).  So the complaint, as drafted, fails to state a claim upon which relief can be granted.  But the law of this Circuit instructs that district courts should permit pro se plaintiffs an opportunity to cure such pleading defects before dismissing a case with prejudice.  *Smith,* **666 F.3d at 1040.**  The Court will do so here.

**C.    Conclusion**

Neither Count 1 nor Count 2 of the complaint contains any allegations supporting Section 1983 liability against Defendant Vick or Defendant Tyner.  The allegations may suffice as to the "Jail Nurse," but the nurse is *not named* by Plaintiff Farner as a Defendant.  Accordingly, the Court **DISMISSES** the complaint **without prejudice**.  Farner will be given an opportunity to amend the complaint to allege Fourteenth Amendment deliberate indifference claims against Defendants who were personally involved in the alleged violations of Plaintiff's constitutionally-protected rights.

If Plaintiff wants to proceed herein, he must file a First Amended Complaint by September 10, 2012.  Since amended complaints completely supersede and replace prior complaints, the First Amended Complaint must stand on its own, contain all allegations regarding these incidents of alleged deliberate indifference, and not include reference back to the original (now dismissed) complaint.  The amended complaint will be subject to threshold review under 1915A.  **Failure to file a First Amended Complaint by September 10, 2012 will result in dismissal of this case with prejudice under Federal Rule of Civil Procedure 41(b).**

4

Finally, the Court has just received a notice of address change from Plaintiff and a motion requesting a copy of the "suit [he] filed," as all his legal papers were lost when he was moved in July 2012.

The Court **GRANTS** the request (contained within Doc. 27) and **DIRECTS** the Clerk's Office to send Farner, with this Order, a copy of his original complaint and a copy of the docket sheet after this Order has been entered.

IT IS SO ORDERED.

DATED August 9, 2012.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge