IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA STEVEN FARNER,            )
#B84713,                         )
                                 )
          Plaintiff,           )
                                 )
vs.                              )    Case No. 11-cv-0664-MJR
                                 )
NURSE MARILYN,                   )
                                 )
          Defendant.           )

MEMORANDUM AND ORDER

REAGAN, District Judge:

In the August 9, 2012 threshold review Order in this prisoner civil rights case, the Court determined that the complaint contained no allegations to support liability against the Williamson County Sheriff (Defendant Vick) or the Captain of the Williamson County Jail (Defendant Tyner), but the complaint (at least Count 2) could have stated a Fourteenth Amendment deliberate indifference claim as to the nurse who allegedly delayed and blocked Farner's receipt of attention and treatment for his serious medical needs while he was confined as a pretrial detainee at Williamson County Jail. The problem was that the "jail nurse" was not named as a Defendant by Farner.

The Court concluded that the complaint (as drafted) failed to survive 1915A review and that Plaintiff would be given a chance to amend the complaint if he intended to pursue a claim against the jail nurse he referenced repeatedly but did not identify as a Defendant. The undersigned Judge instructed Farner to file a First Amended Complaint identifying the nurse as a Defendant by September 10, 2012 or face dismissal of this action.

Plaintiff Farner quickly responded with a letter, which was docketed as a Supplement to Complaint. The supplement (a) indicates that Farner wants to pursue his claim against the jail nurse, (b) details his good faith efforts to identify the jail nurse, and (c) explains why he cannot do anything more at this time to ferret out the nurse's identity.[1]

---

[1] The Court finds troubling Farner's report of multiple thwarted attempts by law library staff from Lawrence Correctional Center (where he currently is incarcerated) to obtain the nurse's last name via phone calls to the Williamson County Jail (where the nurse worked). According to Farner, three times the

Farner's efforts were not entirely fruitless -- he learned that the nurse's first name is Marilyn. Farner advises the Court that he currently is in segregation, that he has done all he can without further access to law library or discovery, and that the Defendant he seeks to name is the nurse, first name Marilyn, who worked at the Williamson County Jail on May 10, 2011.

The law of this Circuit is well established that, in certain circumstances, a district court may (indeed *has a duty to*) assist a pro se plaintiff who has encountered barriers to identifying the appropriate defendants. The Court's role can include such things as ordering named defendants to disclose the identities of the unnamed officials involved, ordering service on all officers who were on duty during a particular incident on a specific date, or appointing counsel for the limited purpose of filing an amended complaint. *See, e.g., Donald v. Cook County Sheriff's Department,* **95 F.3d 548, 556 (7th Cir. 1996).**

Under the particular circumstances of this case, for the reasons described in the Court's August 9, 2012 Order and with additional facts provided by Farner's August 17, 2012 supplement as described herein, the undersigned Judge will allow this case to proceed through threshold review and will order service. Although Nurse Marilyn's last name is unknown at this time, docketing information for other cases in this Court assigned to this District Judge (see, e.g., Case Numbers 07-cv-0290, 07-cv-0307 and 09-0866) discloses a nurse working at the Williamson County Jail named Marilyn Ann Lynn or Marilyn Reynolds (a Defendant in each of those cases). This may or may not be the Nurse Marilyn involved in the allegations contained in Farner's complaint. Once the appropriate individual has been fully identified in this case, Judge Williams likely will require Plaintiff to file an *amended complaint*.

**For now, the Clerk of Court shall add to the docket sheet "Nurse Marilyn" (Last Name Unknown) as the sole named Defendant herein. Plaintiff's current complaint survives 1915A review against Nurse Marilyn as to his claim (referred to in the August 9, 2012 Order as "Count 2") relating to lack of medical treatment -- deliberate indifference to Farner's serious medical needs -- following the May 2011 incident in which Farner was injured in an altercation with another detainee.**

The Clerk of Court **SHALL PREPARE** for Defendant NURSE MARILYN the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff (Williamson County Jail). If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the

---

Williamson County Jail personnel hung up on the Lawrence Correctional Center caller, once the caller identified himself as inquiring on behalf of Farner.

Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or defense counsel.  If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.   Furthermore, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time he moved under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs, he was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  *See* **Local Rule 3.1(c)(1).**

Additionally, Plaintiff is **ADVISED** that he is under a **continuing obligation** to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* **FED. R. CIV. P. 41(b).**

IT IS SO ORDERED.

DATED August 21, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
