IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA S. FARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  11-cv-664-MJR-SCW |
| | ) |
| MARILYN REYNOLDS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Reconsider for Leave to File Amended Complaint (Doc. 47). Specifically, Plaintiff seeks to have the Court reconsider its January 31, 2013 Order (Doc. 46) granting in part and denying in part Plaintiff's motion to amend his complaint. In particular, Plaintiff requests that the Court reconsider its denial to amend his Complaint against Frank Jeter. The Court originally determined that Plaintiff failed to state a claim of failure to protect against Frank Jeter. Plaintiff has also provided the Court with a proposed amended complaint with the new claim against Frank Jeter.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original)(citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)(clarifying that "the former

approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake or law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314(7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). Likewise, a movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P. 60(b)(1).** However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Charrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.,* 327 F.2d 431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the

**original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of Rule 60(b)").**

Here, Plaintiff fails under both standards. Plaintiff originally filed his motion to amend seeking to add a claim of failure to protect against Frank Jeter and two other potential defendants. Plaintiff's motion and proposed Complaint alleged that he and other inmates had told the correctional officers that they were uncomfortable with being housed in the same unit as an inmate Mueller because Mueller was in jail on a crime of a sexual nature. The inmates informed officers that they were uncomfortable with Mueller's presence. The Court found that Plaintiff had failed to state a claim against Frank Jeter. The Court noted that there were no allegations that any of the individuals, including Frank Jeter, knew that Plaintiff was in serious peril of being harmed and Plaintiff and other inmates had only informed officers of their dislike of Mueller, not that Mueller somehow posed a threat to Plaintiff. There were also no allegations that Mueller had threatened Plaintiff or that any of the officers knew that placing Plaintiff in a cell with Mueller would endanger him. In fact, Plaintiff alleged that he and Mueller began *fighting* after a verbal provocation by Mueller, not that he was attacked or injured by Mueller.

In Plaintiff's present motion, he fails to note any mistake in law or fact that the Court made in denying his request to add a failure to protect claim against Jeter. Instead, Plaintiff merely states that upon reading the Answer in this case, he believes it is necessary to strengthen his case by adding a claim against Frank Jeter. His proposed amended complaint appears to contain the same allegations against Jeter as Plaintiff initially alleged and the Court denied. There are no new allegations that strengthen his case or state an adequate claim for failure to protect against Jeter. Thus, Plaintiff has not shown any mistake of law or fact, or presented any newly discovered evidence, that would entitle him to an altered or amended judgment under Rule 59(e). Nor has he stated any

grounds for relief within the scope of Rule 60(b). Thus, Plaintiff has not convinced the Court that there was a mistake in its original decision to deny leave to amend a claim against Frank Jeter. Instead, Plaintiff merely seems to be seeking once again to amend his complaint, but the Court has already denied his request. Accordingly, the Court **DENIES** Plaintiff's motion to reconsider (Doc. 47).

The Court does note, however, that in its prior Order (Doc. 46) it instructed Plaintiff that he could amend his Complaint against Defendant Reynolds and directed Plaintiff to submit a new proposed Complaint with his claims against Defendant Reynolds only. Plaintiff has failed to do so, instead submitting a proposed complaint with claims against Jeter as well as Reynolds. Thus, the Court **DIRECTS** Plaintiff to submit to the Court a new proposed Amended Complaint which addresses the allegations that relate to **only** Defendant Reynolds. At that time, the Court will review the proposed Complaint and will file it, presuming it meets the Court's directions and limits the allegations to the deliberate indifference claim against Defendant Reynolds. Plaintiff has up to and including **March 11, 2013**, in which to submit the proposed amended complaint.

**IT IS SO ORDERED**.

DATED: February 25, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge